# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **KATHLEEN HENDRIX,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | **CIVIL ACTION NO.** |
| ] | **4:17-CV-1834-KOB** |
| **UNITEDHEALTH GROUP INC.,** *et al.***,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Plaintiff Kathleen Hendrix's "Motion To Remand" (doc. 11) and "Motion for Oral Argument" (doc. 23). The court **DENIES** Ms. Hendrix's motion for oral argument (doc. 23). The court **GRANTS** UnitedHealth Group's motion for leave to file a sur-reply (doc. 22; doc. 22-1). The court has considered UnitedHealth's sur-reply, attached to its motion for leave to file a sur-reply, in deciding to remand this case.

The court **GRANTS** Ms. Hendrix's motion for remand (doc. 11). The court does not address UnitedHealth's motion to dismiss (doc. 17) because it lacks jurisdiction to do so.

## BACKGROUND

Plaintiff Kathleen Hendrix is the administrator of Kenneth Hendrix's estate. Mr. Hendrix died from complications from blunt force trauma suffered in a car accident.

Defendants are Oakwood Ridge Independent Living; State Farm Mutual Automobile Insurance Company; Teresa Huff Russell; Elizabeth Haney as administrator of Nicholas Huff's estate; and UnitedHealth.[1] Ms. Hendrix's allegations relate to the car accident that began the

---

[1] Ms. Hendrix brings her suit against UnitedHealth Group and various associated UnitedHealth Group corporate entities, to which the court will refer together as "UnitedHealth."

chain of events resulting in Mr. Hendrix's death. For example, Ms. Hendrix brings suit against the estate of Nicholas Huff, who Ms. Hendrix alleges caused the accident. Ms. Hendrix alleges that Mr. Huff was intoxicated at the time he crossed the center-lane on an undivided highway, hitting Mr. Hendrix's car head-on.

The claim against UnitedHealth, which administered Mr. Hendrix's ERISA-regulated healthcare plan, arises out of UnitedHealth's conduct in restricting the treatment that Mr. Hendrix could receive after the car accident. Specifically, in Count 5 of her complaint, Ms. Hendrix asserts a claim under the Alabama Wrongful Death Act and seeks to impose punitive damages on UnitedHealth as punishment for allegedly wrongful conduct causing Mr. Hendrix's death.

Mr. Hendrix was hospitalized the day of the accident, October 3, 2015. A week later, on October 10, Mr. Hendrix's treating physicians approved his release to an in-patient facility where he could continue treatment and rehabilitation. However, UnitedHealth denied that transfer or declined to pay for it. The hospital then discharged Mr. Hendrix to home care. Approximately 10 days later, Mr. Hendrix died at home after suffering a pulmonary thromboembolism brought on by complications from the car accident.

## **DISCUSSION**

For the reasons stated below, the court lacks subject-matter jurisdiction to hear this lawsuit.

A district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. And a defendant may remove to federal court any civil action filed in state court in which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). However, the court must remand to the state court

any improvidently removed case or one without the necessary jurisdiction. This case is one of those cases.

In this case, the parties are non-diverse and Ms. Hendrix's claims—on their face—present no federal question. UnitedHealth argues that the court must convert Ms. Hendrix's state-law wrongful-death claim into a federal ERISA claim, therefore invoking federal-question jurisdiction.

Usually, the plaintiff is the master of her claim, and by pleading state law claims exclusively she may avoid federal-question jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This case, however, is unusual. Ms. Hendrix brings a state-law claim against her husband's ERISA-regulated plan administrator, and state-law claims that "relate to" ERISA-covered benefit plans are "completely" preempted. *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1344 (11th Cir. 2009). "Complete" preemption is an exception to the usual rule that the plaintiff is master of her claim. *Id.* When a state-law claim is "completely preempted," the court can convert the state-law claim into a federal claim, and the court has federal-question jurisdiction to hear the case. *Blab T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). Because this court lacks diversity jurisdiction and Ms. Hendrix's claims as pleaded implicate only state law, this court has jurisdiction to hear this case only if Ms. Hendrix's Alabama wrongful-death claim is completely preempted by ERISA.

The defendant must satisfy a two-part test to establish that a claim is completely preempted by ERISA: (1) the plaintiff had standing and could have brought her claim under 29 U.S.C. § 1132(a), which sets out the circumstances in which a plaintiff can recover plan benefits, *and* (2) no other independent legal duty supports the plaintiff's claim. *See Anthem Health*, 591

F.3d at 1345 (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004)). That test is conjunctive; ERISA does not completely preempt a claim unless the defendant satisfies *both* conditions. *Borrero v. United Healthcare of New York, Inc.*, 610 F.3d 1296, 1304 (11th Cir. 2010). So, if UnitedHealth fails to establish either part of the *Anthem Health/Davila* test, then the court must remand the case because it will lack subject-matter jurisdiction. But if UnitedHealth can establish both parts of the test, then the court must convert—or give Ms. Hendrix the opportunity to convert—the claim into a federal ERISA claim. Such a claim under ERISA would establish the court's federal-question jurisdiction and its supplemental jurisdiction over Ms. Hendrix's other state-law claims against the other defendants.[2]

The court need only address part one of the *Anthem Health/Davila* test. Under § 1132(a), a plan participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

This case involves the Alabama Wrongful Death Act's relationship, or lack thereof, to a claimant's right to recover benefits under § 1132(a). To that end, the court finds Judge Hopkins's decision in *Ghee v. Regional Medical Center Board* persuasive. 2015 WL 7755392 (N.D. Ala. Dec. 2, 2015). In *Ghee*, Judge Hopkins—faced with a nearly identical claim and factual setup—found that, under *Anthem Health* and *Davila*, federal law did not completely preempt the plaintiff's wrongful-death claim.

As this court has done, Judge Hopkins described that plaintiff's claim as "unusual." Mr. Ghee claimed that the defendant "interjected itself as a healthcare provider for [plaintiff's

---

[2] Ms. Hendrix contends that, even if the court finds federal-question jurisdiction through ERISA complete preemption, the court should sever and remand several of its claims revolving around the car accident itself. The court need not reach that question because the court will remand the entire case for want of jurisdiction.

decedent] and then negligently provided a suboptimal standard of care resulting in [the decedent's] death." *Ghee*, 2015 WL 7755392, at *4. Ms. Hendrix makes the same type of claim under the Alabama law, which allows a decedent's personal representative to "commence an action and recover such damages as the jury may assess . . . for the wrongful act, omission, or negligence of any person, persons, or corporation . . . whereby the death of the testator or intestate was caused . . . ." Ala. Code § 6-5-410.

In making her findings in *Ghee*, Judge Hopkins observed that "[u]nique among the fifty states, Alabama's wrongful death statute allows for only the recovery of punitive damages." *Ghee*, 2015 WL 7755392, at *4. And "the right of action which the statute gives is a new right, not derivative nor the right of succession to the person slain." *Id.* (quoting *Breed v. Atlanta, B. & C.R.R.*, 4 So. 2d 315, 317 (Ala. 1941)). So, Judge Hopkins concluded, "the Alabama wrongful death action vests a personal representative with a new right that never existed in the decedent to recover damages that do not compensate for the injury but vindicate the Alabama policy of deterring death by awarding punitive damages to the next of kin." *Ghee*, 2015 WL 7755392, at *4. Because the wrongful-death claim vests in the decedent's personal representative as a new right and does not compensate for an injury to the ERISA beneficiary, but instead provides punitive damages for next of kin, Judge Hopkins found that the plaintiff could *not* have brought this claim under § 1132(a).

This court agrees with Judge Hopkins's analysis and Ms. Hendrix's position, and applies the same logic and reasoning to this case. Neither a decedent's personal representative nor the decedent himself has the ability to bring a kind of claim similar to Ms. Hendrix's wrongful-death claim to recover a plan benefit under ERISA. Said another way, the court cannot convert Ms. Hendrix's wrongful-death claim into an ERISA-based claim—ERISA offers recovery of plan

5

benefits, but does not contemplate the kind of punitive damages authorized by the wrongful-death act. On the other hand, the Act permits recovery for punitive damages, but not any kind of damages akin to recovery of plan benefits.

Other key aspects of the wrongful-death claim differentiate it from any kind of recovery of a "plan benefit," such as the vestment of the right in the decedent's personal representative and the next of kin's entitlement to punitive damages if proved. And neither Mr. Hendrix nor Ms. Hendrix could bring this kind of claim under ERISA while Mr. Hendrix was still alive; the wrongful-death right does not arise until the decedent's death. As Judge Hopkins noted, "[i]t is nonsensical to contemplate an action to recover a plan benefit that cannot exist until the insured's death." *Ghee*, 2015 WL 7755392 at *5. Ms. Hendrix, therefore, could not have brought this claim under § 1132(a), and UnitedHealth has failed to establish the first part of *Davila/Anthem Health*'s conjunctive two-part test for complete preemption.

UnitedHealth argues that ERISA completely preempts Ms. Hendrix's wrongful-death claim because she premises it on a denial of treatment under an ERISA-regulated plan. But, to accept UnitedHealth's argument, the court essentially would have to conclude that ERISA completely preempts *any* state-law claim brought against an ERISA-regulated plan administrator. But that is not the case; *Anthem Health* is clear that its test requires standing and the ability to bring a claim within the scope of § 1132(a) before complete preemption applies.

Finally, UnitedHealth incorrectly presupposes that Ms. Hendrix seeks to recover a plan benefit through her wrongful-death claim. But Ms. Hendrix does not want to recover a plan benefit; she wants to *punish* UnitedHealth for alleged misconduct leading to her husband's death. Because UnitedHealth cannot show that Ms. Hendrix had the ability to bring this wrongful-death claim within the scope of § 1132(a), the court cannot convert it into an ERISA claim. And

because the court cannot convert the state-law wrongful-death claim into a federal ERISA claim, the court lacks jurisdiction to hear this case.

Ms. Hendrix's motion to remand is **GRANTED**.

**DONE** and **ORDERED** this 6th day of April, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE